# Staunton

## WILLIAM TAYLOR v. COMMONWEALTH OF VIRGINIA.

September 5, 1945.

Record No. 2994.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Fred C. Parks* and *R. W. Bell*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *V. P. Randolph, Jr., Assistant Attorney General,* for the Commonwealth.

Browning, J., delivered the opinion of the court.

William Taylor, the plaintiff in error, was indicted for the crime of rape upon Annie Elizabeth Gilley, a female child under the age of 16 years.

He was tried by the court, without the intervention of a jury, and found guilty and his punishment was fixed at five years in the state penitentiary.

There were two assignments of error:

"(1). The court erred in not sustaining the plea in abatement of the defendant and quashing the indictment in this case.

"(2). The court erred in overruling the motion of the defendant to postpone the trial of the case to permit the defendant and the prosecuting witness to be married."

Since, in our opinion, the court erred in not sustaining the motion of the defendant, which is the subject of the second assignment of error, and for that reason the judgment of the court will be reversed, it is unnecessary to decide the issue raised by the plea in abatement.

Of course, we are cognizant of the fact that as to continuances the trial court has a wide discretion and, usually, its rulings thereon should not be disturbed unless it is clear that its discretion has been abused.

We think it unnecessary to record the circumstances of the case, which are not pleasant to relate.

It seems sufficient to say that the illicit relations which were entered into by the accused and the prosecuting witness were consented to by the latter. Her father introduced his daughter to Taylor at Abingdon and was present when she told him that she was 17 years of age. He acquiesced in this false statement, though the statement was not made in connection with sex relations. The girl had what are now called "dates" with the accused and went to his home with him, where she remained for more than a month, they occupying the same room. Before the trial began the prosecutrix and the accused requested the court to permit them to apply for a marriage license for the

purpose of being married, which relation they had previously agreed to enter upon. The prosecutrix testified to this. She told the court that she wanted to marry the accused if he would provide for her by giving her half of the farm. She said that her parents were willing for them to get married. This was confirmed by the father.

Counsel for the accused assured the court that the attitude of his client as to marriage was the same as that of the prosecutrix and her parents, and that the accused desired to consummate the arrangement, that had been previously agreed to.

The court overruled the motion and proceeded with the trial which resulted as we have seen.

In this we think the court erred. Surely to permit the marriage of the parties, who had sinned against society and who wished to make the only amends within their power, would be within the interest of the conservation of good morals and the public well being.

This was realized by the lawmakers of the state when section 4414 of the Code of Virginia, 1942, became a legislative enactment. This is the section:

"If the carnal knowledge be with the consent of the female between the ages of fourteen and sixteen years, and the female be not an inmate of such institution as heretofore mentioned, the subsequent marriage may be pleaded to any indictment found against accused whereupon, the court, upon proof of such marriage, and that the parties are living together as man and wife, and that the accused has properly provided for, supported, and maintained and is at the time properly providing, supporting and maintaining the wife and the issue of such marriage, if any, shall continue the case from time to time and from term to term, until the wife shall arrive at the age of sixteen years, and thereupon the court shall dismiss the indictment already found against accused, for the aforesaid offense; * * * ."

We think that if. the court had sustained the motion to postpone or continue the trial to afford the parties an opportunity to then and there be married, the wholesome

policy of the State, under the unhappy circumstances which existed, would have been conserved.

The attendant circumstances either meet the conditions imposed by the statute or would do so if the motion had been sustained.

We reverse the judgment of the court and remand the case to it upon the directive that the parties be allowed to marry forthwith, upon the accused making such provision for the support and maintainance of the prosecutrix as the court may deem fit and proper, and when this shall have been done, to dismiss the indictment found against him.

*Reversed and remanded.*